[Civ. No. 446.   Third Appellate District.—April 17, 1908.]

## G. H. WILEY, Respondent, v. McNAB & SMITH, a Corporation, Appellant.

NEGLIGENCE—INJURY TO GATEKEEPER—CARELESS DRIVING OF TRUCK—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.—In an action for personal injuries sustained by the plaintiff, while in the performance of his duties as gatekeeper, by the careless driving of a truck of the defendant, whereby the gateway and the adjoining fence were thrown upon plaintiff to his injury, where the only question involved upon appeal from the judgment in favor of the plaintiff is that of his contributory negligence, the judgment will not be disturbed, where the record shows that it was fairly debatable whether plaintiff's conduct was not that of a reasonable, prudent and cautious person, and that the question of its determination was one of fact for the jury, whose conclusion is binding upon appeal.

ID.—WIDENESS OF GATE—FACILITY FOR ENTRANCE—PROPER POSITION OF
PLAINTIFF.—Where it appears that the gate was sufficiently wide
for the easy entrance of the truck, with proper driving, and that
the plaintiff was at a convenient place for the discharge of his
duties as gatekeeper, and where he was accustomed to stand while
the gate was being used, it cannot be said, as matter of law, that
his position was one of danger.

ID.—POSITION WHEN NOT ONE OF DANGER.—A position is not one of
danger if a person occupying it can come to harm only through
lack of ordinary skill and care on the part of another.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Thomas, Gerstle, Frick & Beedy, for Appellant.

Francis Dunn, and Beatty & Sanderson, for Respondent.

BURNETT, J.—This is an action for damages, the gist of
which is shown by the following allegation of the complaint:
"That on the 10th day of July, 1904, defendant was the owner
of a certain truck and team of horses; that on said day, while
passing through a gateway, on Bryant street, near Tenth,
San Francisco, defendant managed said truck and team
negligently and with want of ordinary care and skill, so that,
by reason of its negligence and want of ordinary care and
skill, defendant knocked the gate and adjoining fence down
upon plaintiff." Plaintiff was quite severely injured, but
the jury found a verdict in his favor for only $250.

The only question seriously discussed by appellant involves
the contention that plaintiff was guilty of contributory negli-
gence. We think it is fairly debatable whether the conduct
of said plaintiff under the circumstances was that of a rea-
sonably prudent and cautious person, and therefore its de-
termination was properly submitted to the jury, whose con-
clusion is binding here.

It cannot be said as a matter of law that the position be-
hind the gate assumed by respondent was one of danger.
As declared in his brief: "He had worked seven days con-

tinuously as gatekeeper. During that time many teams passed
in and out daily, and no accident occurred. He concluded
that any reasonably skillful and careful driver could enter
the gate without accident. A position is not one of danger
if a person occupying it can come to harm only through
lack of ordinary skill and care on the part of another.'' It
is true that the gate had been struck by other vehicles, but
there is nothing to show that it was not the result of care-
lessness or inefficiency on the part of the driver, and plain-
tiff had no knowledge of such an occurrence. The gate was
wide enough for the easy entry of the truck. Respondent was
at a convenient place for the discharge of his duties as gate-
keeper, and where he was accustomed to stand while the gate
was being used, and we cannot say that an ordinarily prudent
and cautious person would have taken his station at some
other point or would have anticipated such an accident.

Some criticism is made of the action of the court in giving
and refusing instructions. But from the condition of the
record we have a right to assume that all the instructions
given were requested by appellant, and that no requested in-
struction was refused.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.