[Civ. No. 11124. First Appellate District, Division One.—May 14, 1940.]

HORACE C. SCOTT, Respondent, v. JOSEPH SHEEDY et al., Appellants.

98

Cooley, Crowley & Supple for Appellants.

Edwin V. McKenzie and Frank J. Mahoney for Respondent.

WARD, J.—This is an appeal from a judgment for personal injuries in favor of plaintiff following a trial by jury.

There is no substantial conflict as to the major facts leading up to the injuries. The accident occurred on the San Francisco bay bridge shortly before its completion. Plaintiff was employed as a gateman and watchman at a temporary fence-like barrier of wood and wire netting erected across the bridge roadway and sidewalks at the westerly end, his duties being to see that no one passed through the barricade except those possessing required credentials. There was an opening or gate in the barrier sufficient to permit the ingress and egress of ordinary automobile passenger cars and trucks. On the day of the accident, defendant Hagen was operating a truck of the open flat bed type, the property of defendant Sheedy, on which was loaded a triangular concrete spreader, its narrow part pointing to and resting on the front end of the truck, fitting in behind the truck's cab, its wide part, between fifteen and eighteen feet in width, overhanging the sides of the truck and extending over the rear of the truck about four feet. When Hagen, driving westerly, reached the barrier, it was found that the traffic opening was not sufficient to permit the spreader to pass through, so one section of the barrier was unbolted and swung around, thereby enlarging the opening to a width of nearly twenty feet. Plaintiff gateman, having taken a position westerly of the barricade, signalled Hagen to proceed. Hagen attempted to center the truck and then drove ahead at two to four miles an hour, during which operation the left side of the load came into contact with the barrier, causing it to move, tilt and spring in such manner that it struck plaintiff, severely injuring him.

 Appellants contend that there was no negligence on the part of Hagen, who testified: " . . . I know that they made the place wide enough so I thought I could come through there with perfect safety. . . . Well, I took a diagonal course until I thought I was far enough over, then I straightened out, and by the time I was coming into there, my truck was coming right straight for that opening. Q. You were coming right straight through there? A. Right straight through the gate, yes. Q. And you could look out on the left side and see whether or not your load was clear of the gate? A. Yes, either side. Q. You could look out on either side? A. Yes." The evidence indicates that Hagen's truck hit the barrier because, upon his immediate approach and in passing through the enlarged gateway, he did not correctly or properly center the truck. The jury must have reached the conclusion that despite a signal from plaintiff there was a failure on the part of Hagen to take necessary precautions.

 When there is evidence which tends to establish directly or by reasonable inference an implied finding by a jury of a fact necessary to support its verdict, the question of the sufficiency of the evidence is not usually a question of law and the verdict will not be disturbed by an appellate court by substituting a different conclusion. In this case a question that requires greater consideration is the contributory negligence of the plaintiff.

 The court instructed the jury as follows: "The presumption is that every man takes ordinary care of his own concerns, and the presumption in this case is that the plaintiff exercised ordinary care and diligence from all the circumstances of the case—his character and habits and natural instinct of self preservation. This presumption is in itself a species of evidence, and it shall prevail and control your deliberations until and unless it is overcome by satisfactory evidence."

Similar instructions have been the pivotal point or crucial factor in the determination of the merits of many appeals, and while the position of appellants finds support in decisions heretofore rendered by this and other appellate courts, the point at issue seems to have been decided by the Supreme Court adversely to appellants' position in the recent case of *Westberg* v. *Willde,* 14 Cal. (2d) 360 [94 Pac. (2d) 590],

and as an intermediate appellate court we are bound by the holding therein.

In the Westberg case, the court instructed: " 'The presumption is that every man obeys the law, and the presumption in this case is that the plaintiffs' son, Morris E. Westberg, was traveling at a lawful rate of speed, and on the proper side of the highway at all times. This presumption is in itself a species of evidence, and it shall prevail and control your deliberations until, and unless it is overcome by satisfactory evidence' ", and called attention to the fact that the above instruction was almost identical with an instruction given in *Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 Pac. 393]. Referring to that case, and later cases cited in the opinion, the Supreme Court in the Westberg case, page 277, said: "From these decisions, and others of this court which might be cited, the rule is firmly established in this state that a presumption is evidence and is sufficient to support a verdict of a jury or a finding of the court, unless overcome by satisfactory evidence."

In support of their contention that the trial court committed prejudicial error in instructing the jury, appellants in their opening brief cite *Varner* v. *Skov*, 20 Cal. App. (2d) 232 [67 Pac. (2d) 123]; *Campbell* v. *City of Los Angeles*, 28 Cal. App. (2d) 490 [82 Pac. (2d) 720], and other cases. In the Westberg decision, considering the fact that witnesses on each side testified fully as to the acts and conduct of a deceased at the time of and immediately prior to a collision, the court said, page 366: "*Campbell* v. *City of Los Angeles*, 28 Cal. App. (2d) 490 [82 Pac. (2d) 720], is also cited in support of this last-mentioned contention. In that case the statement of facts is quite brief and so far as appears from the opinion the instruction was not qualified as in the instant case. (See, *Ellison* v. *Lang Transportation Co.*, 12 Cal. (2d) 355, 359 [84 Pac. (2d) 510].) It cites the recent case of *Engstrom* v. *Auburn Auto Sales Corp.*, 11 Cal. (2d) 64 [77 Pac. (2d) 1059], which followed the *Mar Shee* [*Mar Shee* v. *Maryland Casualty Corp.*] (190 Cal. 1 [210 Pac. 269]) and Smellie [*Smellie* v. *Southern Pac. Co.*] (212 Cal. 540 [299 Pac. 529]) cases. In so far as the decision in the Campbell case is inconsistent herewith it is disapproved. There is language in the cases of *Lindley* v. *Southern Pac. Co.*, 18 Cal. App. (2d) 550, 556 [64 Pac. (2d) 490] and *Varner* v. *Skov*,

20 Cal. App. (2d) 232 [67 Pac. (2d) 123], cited in the Campbell case, which is perhaps only *dicta,* but which is apparently in conflict with the rule announced in the Mar Shee case and the decisions of this court following the last-named case, and which, in so far as it departs from such rule, is not approved." In the Westberg case a distinction is made in a case wherein "both plaintiff and his witnesses testified to all his acts and conduct at the time of his alleged negligence, from a situation where the acts and conduct of a decedent are the issues before the court".

In the instant case the essential difference factually is that the plaintiff did not die as a result of the accident but suffered a brain injury. The following appears in the record: "Now, Mr. Scott, you need not answer it right away, you may consider it a little while, but is it your testimony now that you can't tell us anything about how this truck came to this opening? A. Yes, sir." Under the circumstances, in view of the reason for the rule as stated in the Westberg case, we feel it can make no difference whether the injured party dies or is incapacitated by loss of all memory of the circumstances of the accident, the result of brain injury from the collision. In other words, notwithstanding the evidence from other witnesses, "all possible facts both in favor of and against the alleged negligence of the plaintiff" (*Westberg* v. *Willde, supra*) were not before the court. In this case no witness could have testified that plaintiff saw the danger. A witness might place him in a position from which an inference might be drawn that he could see or realize danger, but that would not be sufficient if a reasonable inference otherwise could be drawn. If the acts and conduct of an incapacitated party must be testified to by other witnesses, we conclude that the test given in the Westberg case and in *Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 1 [210 Pac. 269], is proper. In the Mar Shee case, the court (p. 9) said: " . . . we deduce that a fact is proved as against a party when it is established by the uncontradicted testimony of the party himself or of his witnesses, under circumstances which afford no indication that the testimony is the product of mistake or inadvertence; and that when the fact so proved is wholly irreconcilable with the presumption sought to be invoked, the latter is dispelled and disappears from the case."

■ Examining the testimony of plaintiff's witnesses on the subject of whether or not plaintiff was guilty of contributory negligence, we find that all witnesses agree that defendant Hagen drove through the opening only after plaintiff had given him a hand signal. This act of hand signalling as a matter of law would not be sufficient under the facts of this case to find plaintiff guilty of contributory negligence unless it might be assumed that it was a guarantee that the space through which the truck was to pass was of sufficient width, when it may have been proven that as a fact it was not. However, the evidence shows that if the truck had been properly centered, there would have been ample clearance on each side. (*Wiley* v. *McNab & Smith*, 8 Cal. App. 135 [96 Pac. 332].) The evidence from which a conclusion of contributory negligence on the part of plaintiff might be drawn was produced by witnesses called on his behalf. There was some difference in the testimony as to the number of signals given, and a slight variation as to the position occupied by plaintiff at the time of the accident. Some of the witnesses noted the direction in which plaintiff turned his head. When considered as a whole, we cannot conclude as a matter of law that contributory negligence was or was not established by the uncontradicted testimony of the witnesses, or that the facts proven were wholly irreconcilable with the disputable presumption given in the court's instructions. (*Mar Shee* v. *Maryland Assur. Corp., supra; Westberg* v. *Willde, supra.*)

Appellants further note that the instruction in the Westberg case is different from the instruction in the instant case in that one deals with lawfulness on two specific subjects,— speed and driving on the proper side of the highway,— whereas the other deals with the use of ordinary care and diligence as applicable to "his own concerns". We find that in addition to authorities cited in the Westberg case dealing with the presumptions: of innocence of wrong (*Mar Shee* v. *Maryland Assur. Corp., supra*); nonpayment arising from possession of notes by a payee (*Sarraille* v. *Calmon*, 142 Cal. 651 [76 Pac. 497]); that property conveyed to a wife is separate property (*Gilmour* v. *North Pasadena Land etc. Co.*, 178 Cal. 6 [171 Pac. 1066]; *Pabst* v. *Shearer*, 172 Cal. 239 [156 Pac. 466]; *Thompson* v. *Davis*, 172 Cal. 491 [157 Pac. 595]); that endorsement was evidence of a valu-

able consideration for a promissory note (*Pacific Portland Cement Co.* v. *Reinecke,* 30 Cal. App. 501 [158 Pac. 1041]); as to a person acting within the scope of employment (*Grantham* v. *Ordway,* 40 Cal. App. 758 [182 Pac. 73]), the following cases dealing with the presumption that a person takes due care of his own concerns were also cited: *Rogers* v. *Interstate Transit Co.,* 212 Cal. 36 [297 Pac. 884]; *Smellie* v. *Southern Pac. Co.,* 212 Cal. 540 [299 Pac. 529]; *Ramsey* v. *Pasini,* 108 Cal. App. 527 [291 Pac. 884]; *DeLannoy* v. *Grammatikos,* 126 Cal. App. 79 [14 Pac. (2d) 542]; *Ellison* v. *Lang Transp. Co.,* 12 Cal. (2d) 355 [84 Pac. (2d) 510]; *Tuttle* v. *Crawford,* 8 Cal. (2d) 126 [63 Pac. (2d) 1128].

█ Appellants assert that plaintiff assumed the risk as a matter of law. There was no relation of employer and employee existing between the parties to this action and it cannot be concluded from the facts herein that the risk, if any, was contributory negligence as a matter of law. It does not come within that class of cases holding that upon a contractual obligation, such as the payment of a fee to witness an exhibition (*Quinn* v. *Recreational Park Assn.,* 3 Cal. (2d) 725 [46 Pac. (2d) 144]), an injured party may recover; nor within that class holding that where, without contract, one participates in a hazardous undertaking (*Grassie* v. *American La France F. E. Co.,* 95 Cal. App. 384 [272 Pac. 1073]) and assumes a risk ordinarily incident to the venture, and must by reason of his position exercise a degree of care in accordance with the exigency of the conditions and circumstances of the situation, he may recover. There was nothing to indicate that plaintiff had any knowledge of or that he should have appreciated the possibility that Hagen's truck would strike the barrier. (*Weaver* v. *Shell Co. of California,* 34 Cal. App. (2d) 713 [94 Pac. (2d) 364]; *Southern Pac. Co.* v. *McCready,* 47 Fed. (2d) 673.)

█ Appellants urge that prejudicial error resulted in permitting plaintiff's attorneys to testify in the presence of the jury to alleged surprise in connection with an attempt to impeach their own witnesses. The force of the objection goes to the fact that the evidence supporting the claim of surprise was presented in the presence of the jury, after objection and a request that the evidence in support thereof "should be heard in the absence of the jury". █ There is no impropriety in the discussion of the merits of an objec-

tion to the admission of evidence in the presence of the jury, unless it appears that there is a possibility that the minds of the jurors may be influenced or prejudiced by the statements made by the court or counsel, *pro* or *con*, during such discussion, or evidence introduced in its course, but, as said in 64 Corpus Juris, 135, section 156: "The better practice is that all doubtful questions of evidence or procedure should not be proposed or discussed in the presence of the jury." It is incumbent upon appellants to point out statements made as evidence introduced resulting in prejudice to their case. After argument, the court herein finally determined that "surprise" had been sufficiently shown to warrant the production of the alleged impeaching testimony. During the argument the court made the following comment: "Now, let me state in reading this excerpt of the statement, which you say is a copy of the original, I can't see there is any impeachment because on that point the witness testified the same as he testified in the statement." A remark by the court indicating that the evidence was not impeaching could not harm appellants' position. The statements made by counsel, which appellants allege as prejudicial, were stricken out or, if not stricken out, simmer down to opinions which in some instances were expressed in strenuous, forceful language,—a practice not to be approved when an attorney appears as a witness,—but it has not been shown that appellants were prejudiced thereby.

Plaintiff was afflicted with several preexisting diseases. A computation showing the amount of his wages per week for a period covering the average life expectancy of a person of normal health at plaintiff's age was presented to the jury over objection, the gist of which was that the mortality table was not relevant in the case because of the evidence of preexisting diseases.

In *Morrow* v. *Mendleson*, 15 Cal. App. (2d) 15, 21 [58 Pac. (2d) 1302], the court said: "Authorities are cited holding that a jury may consider the mortality or American experience tables only in respect to one who is in average or normal good health, and that the presumption of life expectancy based upon such tables is one applying to a person of average normal health only. The point has not been decided by any California case which has been called to our attention, but *Norris* v. *Detroit United Ry.*, 193 Mich. 578

[160 N. W. 574], and *Colbert* v. *Rhode Island Co.*, (R. I.) 67 Atl. 446, *supra*, support the appellant and are sound in principle and reasoning. Since the evidence offered by the plaintiff herself showed that she had long suffered from high blood pressure, dizziness and many other physical ailments, and had been under the care of a physician for ten years before the accident, this might have dispelled the presumption of life expectancy (*Smellie* v. *Southern Pacific Co.*, 212 Cal. 540, 553 [299 Pac. 529]), and the question of life expectancy should therefore have been left to the jury to be determined upon competent evidence based upon the condition of health of the plaintiff prior to the time of the accident.''

Though admissible, the evidence in this case was not conclusive and appellants were entitled to an instruction based upon their theory of the evidence. (*Groat* v. *Walkup Drayage etc. Co.*, 14 Cal. App. (2d) 350 [58 Pac. (2d) 200].) No prejudicial error appears when the following instruction, offered by the defendants and given by the court, limiting the effect of such evidence, is read: ''You are instructed that the jury may consider the mortality or American experience tables in evidence in this case, only in respect to one who is in average or normal good health, and that the presumption of life expectancy based upon such tables is one applying to a person of average normal health only.''

Under all the circumstances and facts of this case, appellants have no substantial ground for complaint.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 12, 1940. Edmonds, J., voted for a hearing for the reasons stated by him in *Ellison* v. *Lang Transportation Co.*, 12 Cal. (2d) 355, 360.