[Civ. No. 15689.   Second Dist., Div. Three.   Oct. 27, 1947.]

MAY DOUGLAS et al., Appellants, v. WALTER R. HOFF, Respondent.

Edmund M. Bluth, Francis J. Gabel and Henry F. Walker for Appellants.

Syril S. Tipton for Respondent.

SHINN, Acting P. J.—Plaintiffs, husband and wife, appeal from a judgment on directed verdict in their action arising out of personal injuries, sustained by the wife, May Douglas, herein referred to as plaintiff. She was injured by the automobile of defendant Hoff as she crossed the street. The question for decision on the appeal is whether a verdict in her favor would have had support in the evidence, that is to say, whether there was sufficient evidence to support the implied findings of a favorable verdict that defendant was negligent and that his negligence was the sole proximate cause of the accident. From a study of the record we are satisfied that the issues of negligence, contributory negligence and proximate cause should not have been taken from the jury.

At about 9 p. m., plaintiff started east across Figueroa Street, in Los Angeles, from the southwest corner of the intersection of Figueroa and Eleventh Streets. When she had traveled about 20 feet she came into contact with defendant's car which was traveling south at about 18 miles per hour; was thrown to the pavement, rendered unconscious and severely injured. She lost all remembrance of the circumstances of her accident and although she was a witness at the trial was unable to relate how it happened. It appears from the record that the court directed a verdict for defendant upon the ground that plaintiff was guilty of contributory negligence. This is the principal ground relied upon by defendant for support of the judgment, although it is also argued that there was no evidence of negligence on the part of defendant.

We will consider first the question of defendant's negligence. There was a marked crosswalk 15 feet wide across Figueroa, the north line being a prolongation of the south curb line of Eleventh Street. According to defendant's testimony he had driven there before and knew of the existence of this crosswalk. He was returning with his wife from dinner in Chinatown and stopped at Eleventh Street to allow a car coming from the south to make a lefthand turn ahead of him into Eleventh Street; he started up slowly, driving close to the center line of the street, saw no pedestrian in the street, heard the sound of the impact as his car struck plaintiff, and felt the checking of the car as a result of the impact, put on his brakes, moved about a car length, stopped, looked back and saw plaintiff lying in the street. Several other witnesses, including police officers, testified that plaintiff was lying about 15 feet south of the south line of the crosswalk. Defendant testified that when he applied his brakes he skidded his wheels

for about 30 inches; police officers corroborated this and described the skid marks as extending from 15 inches north of the south line of the crosswalk to a point 15 inches south of it. Defendant testified that the headlights of his car were on and he could see 100 or 150 feet ahead; also that there were two cars ahead of him to his right, that he could not see all of the crosswalk because of these cars but that he drove on without waiting until he could see all of it. A Mr. Whittaker, driver of the car which turned west on Eleventh Street ahead of defendant's car, testified that he saw no car except defendant's at or in the intersection. There was a lighted street light at the corner where the accident occurred and there were traffic signals but these were not operating.

Defendant's testimony alone was sufficient to prove his negligence. He drove his car through a crosswalk and struck a pedestrian without seeing her until he had stopped his car and looked back to where she lay in the street. If other cars partially obstructed his view of part of the crosswalk, which the jury may well have doubted, he should have been all the more cautious in driving through it. If plaintiff was in the crosswalk—a matter to be discussed later—defendant's unexplained failure to yield the right of way would have constituted negligence. Had the question of defendant's negligence been submitted to the jury a finding adverse to him would have had ample support in the entire evidence, including the testimony of defendant.

The issue of contributory negligence, also, upon the evidence, was one of fact, and should have gone to the jury.

Plaintiff, being unable, because of loss of memory, to testify to her own conduct, was to be presumed to have been exercising ordinary care in crossing the street. (*Westberg* v. *Willde,* 14 Cal.2d 360 [94 P.2d 590]; *Satariano* v. *Sleight,* 54 Cal.App.2d 278 [129 P.2d 35]; *Hoppe* v. *Bradshaw,* 42 Cal.App.2d 334 [108 P.2d 947]; *Scott* v. *Sheedy,* 39 Cal. App.2d 96 [102 P.2d 575].)

The presumption is evidence that she did what a person of reasonable prudence and caution would have done under the circumstances. Since it would have been negligent for her not to have looked for approaching traffic it was to be presumed that she did look and look carefully. It was to be presumed also, under the evidence, that she was proceeding in the crosswalk, since, if she had not been, it would have been the part of prudence and safety to yield the right of way to defendant.

█ It is argued that there was testimony that plaintiff did not look for approaching traffic as she proceeded into the street. The witness Whittaker, who saw plaintiff leave the curb and walk some 7 feet in the crosswalk while he was observing her, testified, "She didn't look any way, went straight ahead—she was looking straight ahead." This testimony, if believed, would have been in conflict with the presumption that plaintiff exercised due care but the jury were not bound to believe it, and if they had believed the witness to be truthful might still have thought he was testifying to something he did not know, and which it would have been difficult for him to know, to be a fact. If the evidence had shown, without substantial conflict, that plaintiff was attempting to cross the street without looking, cases relied upon by defendant, and many others, would support his contention that she was negligent, but they have no application where the evidence upon that point, consisting of the presumption, would support a finding that she did look. (*Duehren* v. *Stewart,* 39 Cal.App.2d 201, 208 [102 P.2d 784].) █ It is argued that if she had looked she would have seen the headlights of defendant's car. This no doubt is true, but she nevertheless might reasonably have believed, although mistakenly, that she had time to cross in safety, especially if she was in the crosswalk and had the right of way. A mistake or an error of judgment upon her part would not necessarily have convicted her of negligence.

█ Defendant places the weight of his argument on the evidence which, he contends, conclusively establishes as a fact that plaintiff was not proceeding in the crosswalk and he contends that she was therefore guilty of contributory negligence as a matter of law. He relies principally upon the evidence as to where she lay after the accident. There are two sufficient answers. The first relates to the question of plaintiff's negligence. There was substantial evidence, in addition to the presumption already mentioned, that plaintiff was in the crosswalk. Whittaker was the only witness who saw her in the street before the accident and when he ceased to watch her she was in the crosswalk about 7 feet from the west curb. No witness saw her leave the crosswalk. All the witnesses agreed that as she lay in the street her head was some 15 feet south of the south line of the crosswalk with her body extended toward it, and the witness Adams, who heard the noise of the impact and turned around to see her fall testified that she fell 3 or 4 feet, but this evidence was not conclusive as to point where she was struck. Defendant claimed at the trial

and now contends that plaintiff walked into the side of his car and therefore would not have been thrown for any considerable distance, but he testified also that he did not see her until she had been thrown to the ground and he had passed by her. There are two facts which clearly contradict this theory, and it is nothing more than a theory; one is the fact, as testified to by defendant, that the impact was so severe that he felt the "checking" of his car; the other is that the skid marks were bisected by the south line of the crosswalk. If the impact was so severe as to "check" the car, is it not a reasonable inference that plaintiff was struck by the front of the car and thrown some distance? Also, defendant testified that he applied his brakes after the impact. If the brakes were applied after the impact and before the car left the crosswalk, as shown by the skid marks, is it not a necessary conclusion that plaintiff was struck in the crosswalk?

The second answer is that if plaintiff was not in the crosswalk that fact, alone, would not establish the defense of contributory negligence. ■ The fact that a pedestrian is crossing a street not in a crosswalk when he is struck by a motorist does not as a matter of law convict him of contributory negligence or acquit the motorist of a charge of negligence. (*Umemoto* v. *McDonald,* 6 Cal.2d 587 [58 P.2d 1274] ; *Watkins* v. *Nutting,* 17 Cal.2d 490 [110 P.2d 384] ; *Nicholas* v. *Leslie,* 7 Cal.App.2d 590 [46 P.2d 716] ; *Shipway* v. *Monise,* 59 Cal.App.2d 565 [139 P.2d 60].)

■ And again, even if plaintiff had been outside the crosswalk and guilty of negligence, there would still have been the question of proximate cause to consider, and upon the evidence this was a question of fact. If the jury had believed that plaintiff was a few feet outside the crosswalk, but in plain sight of defendant, they might reasonably have concluded that she would have been run over, even if she had been in the crosswalk, and that her being outside of it did not contribute proximately to the accident.

The issue as to liability should have been submitted to the jury.

The judgment is reversed.

Wood, J., and Vallée, J. pro tem., concurred.