[Civ. No. 21375.  Second Dist., Div. Two.  Jan. 26, 1956.]

RAE BERGMAN, Respondent, v. EDWARD JOHN BIERMAN, Appellant.

Jesse Bach Porter for Appellant.

Edward J. Skelly for Respondent.

ASHBURN, J.—Defendant appeals from a judgment for personal injuries awarded plaintiff after a nonjury trial. Viewing the evidence most favorable to the judgment (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689]), the facts are as follows:

Eastern Avenue in the city of Los Angeles runs north and south and is intersected at a right angle by Rogers Street. Eastern is a through street and Rogers is posted with stop signs for east and west traffic. At the south side of Rogers, which is 50-60 feet wide, is a marked pedestrian crossing some 18 feet in width. On November 20, 1953, plaintiff, a woman of 38 years, posted a letter in a mailbox at the southeast corner of the intersection shortly after 7 p. .m. Traffic was "kind of quiet" and she saw no automobiles. She stepped from the curb and started west across Eastern Avenue and was within the crosswalk. She has no recollection of the accident and the next thing she recalled after starting across the street was being in bed in the hospital. Defendant, the owner of a half-ton Dodge truck, was driving the same southerly on Eastern Avenue; there were four lanes for traffic, two in each direction and he was in the one next to the double dividing line; he saw that there were no cars parked on either side of the street and no cars stopped and waiting at Rogers on either side of Eastern; the lighting at the intersection was good and he had a full view of that area; the lights of the truck were burning; he went through the intersection and the crosswalk without pausing or reducing his speed of 20 miles per hour and did not see the plaintiff, who was wearing dark clothes, until after his truck had hit her; not until after he had gone completely

through the crosswalk and had stopped the truck and gotten out of it. Her body came to rest some 20-30 feet south of the crosswalk and just ahead of the stopped truck. She was badly injured.

Appellant, attacking the sufficiency of the evidence, argues that plaintiff was not in the crosswalk when she was hit, that she was negligent and that defendant had no occasion to anticipate her presence. ■ Her evidence was that she started to cross the street when within the crosswalk; as ordinary care would dictate that she continue within that pathway (or yield the right of way) it is a fair inference that she did stay in the crosswalk. (See *Douglas* v. *Hoff*, 82 Cal.App.2d 82, 85 [185 P.2d 607].) Appellant's attorney argues that as defendant testified that he looked and no one was within the crosswalk this evidence must be accepted. Of course, if plaintiff was entitled to the inference of due care just suggested, that makes a conflict in the evidence which sustains plaintiff's case. "It is settled law that where alleged negligent acts and conduct of a decedent are at issue before the court and the 'testimony respecting such acts and conduct necessarily must be produced by witnesses other than the deceased, . . . an instruction that the deceased is presumed to have exercised ordinary care for his own concerns is . . . proper' except that if the fact proved by uncontradicted testimony produced by the party seeking to invoke the presumption, 'under circumstances which afford no indication that the testimony is the product of mistake or inadvertence . . . is wholly irreconcilable with the presumption . . . the latter is dispelled and disappears from the case.' [Citing cases.] ■ One who by reason of loss of memory is unable to testify concerning his conduct at and immediately before the time of the accident is entitled to invoke the same presumption, subject to the same exception. [Citing cases.] ■ This disputable presumption is by statute declared to be evidence (Code Civ. Proc., § 1957; see also §§ 1961, 1963, subds. 1, 4), and is sufficient to support a verdict of a jury unless dispelled by the 'irreconcilable' fact proved by the party relying on it. [Citing cases.] It may outweigh positive evidence adduced against it. [Citing cases.]" (*Scott* v. *Burke*, 39 Cal.2d 388, 394 [247 P.2d 313].) There is nothing in the record at bar to offset this presumption except the testimony of defendant, which the trial judge obviously rejected.

■ Counsel for appellant says that the proof is insufficient

to show that the loss of memory claimed by the plaintiff was caused by the accident. It is the law that such causation must be present to bring the presumption into play (*cf. Ireland* v. *Marsden,* 108 Cal.App. 632, 643 [291 P. 912]; *Scott* v. *Sheedy,* 39 Cal.App.2d 96, 101 [102 P.2d 575]; *Gioldi* v. *Sartorio,* 119 Cal.App.2d 198, 201 [259 P.2d 62]; *Thompson* v. *Southern Michigan Transp. Co.,* 261 Mich. 440 [246 N.W. 174, 176]; *Drago* v. *New York Cent. & H. R. R. Co.,* 139 App.Div. 828 [124 N.Y.Supp. 374, 376]), and the amnesia must be genuine (*Ringo* v. *Johnson,* 99 Cal.App.2d 124, 129-130 [221 P.2d 267]). ▇ The record at bar does not justify a holding as matter of law that plaintiff, who was severely injured and received a concussion of the brain, did not also suffer a loss of memory (retrograde amnesia) covering the period from the time that she started across the street until after the accident had occurred. There is nothing in the record to refute or throw doubt upon her testimony in this regard. Thus plaintiff was clothed with the presumption of the exercise of due care and it cannot be said in this regard that she was necessarily guilty of negligence. It is presumed that she did or omitted such acts as due care on her part would dictate. ▇ " 'The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person.' " (*Leo* v. *Dunham,* 41 Cal.2d 712, 715 [264 P.2d 1].) The presumption that plaintiff did do those things which an ordinarily prudent person would have done is enough to support the judgment upon the issue of contributory negligence.

The argument that defendant was not negligent cannot be sustained in the face of the court's specific finding to the contrary. The judge was not bound to believe defendant's testimony that he looked and there was no one in the intersection or crosswalk. The circumstances indicate the contrary. A fair inference is that plaintiff was hit while in the crosswalk and a few feet past the center line of the street and carried or thrown some 20-30 feet to the south. ▇ It was the duty of defendant to keep a lookout for persons and vehicles ahead of him; he could not assume that the way was clear. *Huetter* v. *Andrews,* 91 Cal.App.2d 142, 146 [204 P.2d 655]: " ' 'All drivers of vehicles on a public highway are required by law to keep a vigilant lookout ahead so as to avoid, if reasonably possible, a collision with

any other vehicle or person lawfully upon such highway. Failure to keep such lookout, or failure to see that which may be readily seen, if the driver is looking, would constitute negligence as a matter of law.' (*Berlin* v. *Violett,* 129 Cal. App. 337, 340 [18 P.2d 737].)'' Defendant's view was unobstructed and he should have seen plaintiff crossing the street and should have exercised care to avoid striking her. The least that can be said is that an inference of negligence upon his part arose and that the finding to that effect is supported by the evidence.

■ Appellant asserts error in receiving testimony of plaintiff's husband concerning conditions observed by him when he arrived at the scene of the accident. He was summoned from his home which was a block or two away and arrived a few minutes after his wife was injured. He testified to her position in the street and that of the truck, the width of Eastern Avenue, the condition of illumination at the intersection, the fact that the truck's lights were not burning. All of this was received without objection or motion to strike (i.e., any motion that was not granted). Thereupon counsel for defendant took the witness on a so-called *voir dire* examination, which was in truth a general cross-examination. Then defense counsel voiced this objection: ''I still object to the testimony on the ground that it is too remote.'' It was overruled and the witness then testified to certain unimportant and innocuous facts, such as the existence of a dent in the right front fender of the truck. There is no basis for a claim of reversible error here.

■ Appellant complains of failure of the court to make a finding upon the plea of contributory negligence. The answer does raise the issue and there is no specific finding thereon. This does not constitute reversible error, for it is plain that the trial judge in finding defendant negligent discredited his testimony, and that the finding upon contributory negligence would have been against defendant if the matter had been called to the court's attention. In such circumstances, failure to find is not prejudicial error. (24 Cal.Jur. § 188, p. 944; 3 Witkin, California Procedure, p. 2277.) The same situation exists with respect to the plea of assumption of risk and failure to find thereon.

The order denying new trial not being appealable defendant's attempted appeal therefore is dismissed.

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.