[Civ. No. 25510. Second Dist., Div. Two. Apr. 30, 1962.]

DOLORES ANN KLEIN et al., Plaintiffs and Appellants, v. SOUTHERN PACIFIC COMPANY et al., Defendants and Respondents.

Lubin & Kirkpatrick, Alfred E. Lubin and Henry Kirkpatrick for Plaintiffs and Appellants.

Allport & LaFollette and John R. Allport for Defendants and Respondents.

FOX, P. J.—This is an appeal by plaintiffs from an adverse judgment in favor of defendants in an action for damages for personal injuries. The plaintiffs' sole grounds for this appeal are alleged errors committed by the trial court in giving certain instructions.

The original action was brought by Dolores Ann Klein and Sarah Fay Isbitts, hereinafter referred to as appellants, against Southern Pacific Company and E. H. Platz, hereinafter referred to as respondents, and one Richard Johnston,[1] for damages for personal injuries resulting from a collision occurring at about midnight on September 20, 1958. The appellants were riding as guest passengers in an automobile owned and operated by Johnston which collided with the freight train owned by Southern Pacific Company and operated by its employee, Platz, at the intersection of the railroad private right-of-way and Van Nuys Boulevard in the City of Los Angeles. The railroad crossing was controlled by a tricolor traffic signal, red parallel flashing lights and cross-arm warning signals.

The Southern Pacific freight train was travelling south as it approaching the crossing. The automobile in which the appellants were riding was travelling west and, as it passed over the tracks in front of the train, the right front of the engine struck the right rear of the automobile, flipping it into the air and throwing the occupants out. There was conflicting evidence by various witnesses for both the respondents and appellants as to the speed of the train at the time of the collision.

---

[1]During the trial, appellants settled their case against Johnston and dismissed the action as to him.

Neither appellants nor Johnston had an independent recollection of the accident or of any of the circumstances preceding it. In view of this fact, neither appellants nor Johnston were able to testify to any of the events bearing on the accident. The appellants did, however, produce witnesses who testified not only to the physical facts but also to the actual happening of the occurrence. Witnesses for the respondents testified, *inter alia,* that the bell was ringing, the air horn was sounding and the forward light of the engine was burning. Respondent Platz testified that he saw the automobile approaching the tracks at about 20-25 miles per hour when the train was about 100 feet from the crossing and that, after two or three seconds had elapsed, he "big holed" the train (threw on the emergency stopping equipment) when the engine was on the crossing and simultaneously with the fireman's shout that the automobile was hit and the thump from the impact.

Appellants based their action on three theories of negligence: first, the respondents were operating the train at a speed which was unsafe under the circumstances; second, respondent Platz took no action after he saw the automobile for two or three seconds and an ordinary prudent engineer would have taken immediate emergency action rather than trusting to luck that the automobile would be able to clear the tracks in time to avoid a collision; and third, the railroad company operated and maintained a dangerous and hazardous crossing.

 Appellants' first assignment of error relates to an instruction given at the respondents' request on the presumption of due care. It must be emphasized at this juncture that more than mere error must be shown before a reversal or new trial will be granted. As stated by this court in *Esick* v. *Union Pacific R. R. Co.,* 182 Cal.App.2d 456 [6 Cal.Rptr. 208] (p. 458): "It is axiomatic that no judgment may be set aside and no new trial may be ordered on the ground of erroneous instructions unless 'after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.' (Cal. Const., art. VI, § 4½; *Bridgman* v. *Safeway Stores, Inc.,* 53 Cal.2d 443 [2 Cal.Rptr. 146, 348 P.2d 696]; *Hildebrand* v. *Los Angeles Junction Ry. Co.,* 53 Cal.2d 826 [3 Cal. Rptr. 313, 350 P.2d 65].) Furthermore, there is no presumption that error is prejudicial, or that injury was done merely because error is shown. (Code Civ. Proc., § 475.)"

 The first inquiry that this court must answer is:

was the giving of this instruction error? If the answer is in the affirmative, as it must be under the circumstances of the case at bench, the second question arises: did such error result in a miscarriage of justice?

The specific instruction reads as follows: "While I have instructed you that there was, at the outset of this case, a presumption that the Plaintiffs exercised due care, it is equally true that it is presumed that the defendant Southern Pacific Company and its employees at the time and place of the accident were also taking ordinary care and obeying the law."

The general rule in this state *re* instructions giving rise to the presumption of due care was set forth by this court in *Johnson* v. *Popso*, 194 Cal.App.2d 449, 454 [14 Cal.Rptr. 834]: "It is well settled in this state that those who, because of loss of memory due to the accident are unable to testify as to their activities immediately preceding and at the time of the accident are, with certain qualifications, entitled to an instruction that they are presumed to have exercised reasonable care. (*Douglas* v. *Hoff*, 82 Cal.App.2d 82 [185 P.2d 607]; *Bergman* v. *Bierman*, 138 Cal.App.2d 692 [292 P.2d 623].) . . . But it is equally well settled that one is entitled to the presumption only (1) where the loss of memory is a result of the accident on which he bases his claim (*Simon* v. *City & County of San Francisco*, 79 Cal.App.2d 590, 598 [180 P.2d 393]; *Scott* v. *Burke*, 39 Cal.2d 388, 394 [247 P.2d 313]; *Ford* v. *Chesley Transportation Co.*, 101 Cal. App.2d 548, 551 [225 P.2d 997]; *Bergman* v. *Bierman*, 138 Cal.App.2d 692 [292 P.2d 623]; *Kumelauskas* v. *Cozzi*, 173 Cal.App.2d 541 [343 P.2d 605]; *Smith* v. *Sugich Co.*, 179 Cal. App.2d 299 [3 Cal.Rptr. 718]); and (2) where the party seeking the benefit of the presumption has not presented testimony which is wholly irreconcilable with the presumption. (*Scott* v. *Burke, supra*; *Kellogg* v. *Gaynor*, 134 Cal.App.2d 288, 291 [285 P.2d 288]; *Johns* v. *Ward*, 170 Cal.App.2d 780, 789-790 [339 P.2d 926]; *Bergman* v. *Bierman, supra, Kumelauskas* v. *Cozzi, supra*.)"

The appellants fully satisfied these conditions precedent and, therefore, were entitled to the presumption of due care. The record shows that both appellants, because of the accident, were unable to testify concerning their conduct immediately prior to or at the time of the accident.[2]

---

[2]It must be pointed out that the instruction giving rise to the presumption of due care on the part of appellants is not technically correct

Appellants' evidence was not irreconcilable with the presumption. It must be remembered that the appellants were guest passengers and any negligence on the part of the driver, therefore, would not be imputed to them. (*Krause* v. *Rarity,* 210 Cal. 644 [293 P. 62, 77 A.L.R. 1327].)

Furthermore, the mere fact that other witnesses testified on behalf of appellants to the events leading up to the accident does not deprive appellants of their right to this presumption. ▪▪▪ As stated in *Lovett* v. *Hitchcock,* 192 Cal. App.2d 806, 809 [14 Cal.Rptr. 117]: "[T]he mere fact that others testify fully as to the acts of plaintiff does not bar application of the presumption."

▪▪▪ Therefore, the trial court was entirely correct in instructing the jury as to the presumption of due care on the part of appellants since appellants were unable to testify by reason of loss of memory due to the accident. (*Gigliotti* v. *Nunes,* 45 Cal.2d 85 [286 P.2d 809].)

There is no corresponding presumption in favor of respondents since they fully testified and introduced evidence on their own behalf as to their acts and conduct immediately preceding and at the time of the accident. (*Britton* v. *Gunderson,* 160 Cal.App.2d 66, 69 [324 P.2d 938]; *Eastteam* v. *Hull,* 158 Cal.App.2d 216 [322 P.2d 577]; *Laird* v. *T. W. Mather, Inc.,* 51 Cal.2d 210, 221 [331 P.2d 617].) The presumption of due care never arose as to them. There being no such presumption, it was error for the court to instruct that respondents were entitled to the presumption of due care. (*Rogers* v. *Interstate Transit Co.,* 212 Cal. 36 [297 P. 884]; *Paulsen* v. *McDuffie,* 4 Cal.2d 111 [47 P.2d 709]; *Mundy* v. *Marshall,* 8 Cal.2d 294 [65 P.2d 65]; *Speck* v. *Sarver,* 20 Cal. 2d 585 [128 P.2d 16]; *Barker* v. *City of Los Angeles,* 57 Cal. App.2d 742 [135 P.2d 573]; *Jones* v. *Scurlock,* 96 Cal.2d 201

in that it does not require the loss of memory to be caused by the accident. (*Johnson* v. *Popso, supra.*) "The instructions should have been conditioned on the jury's believing that as a result of the accident plaintiff lost his memory as to his acts and conduct at and immediately before the time of the accident." (*Kumelauskas* v. *Cozzi,* 173 Cal.App.2d 541, 546 [343 P.2d 605].) See BAJI, 135 B (1961 Supp.), for the correct form of the instruction. However, in the instant case this technical deficiency in no way aids respondents because (1) respondents did not object on the ground of the above deficiency; (2) there is no prejudice to the respondents since it appears from the record that appellants' inability to testify was a result of the accident and therefore they had the right to such presumption of due care; (3) even if this instruction were erroneous, it would in no way neutralize the error in giving respondents the benefit of such presumption.

[214 P.2d 599]; *Ford v. Chesley Transportation Co.*, 101 Cal. App.2d 548 [225 P.2d 997]; *Rozzen v. Blumenfeld*, 117 Cal. App.2d 285 [255 P.2d 850]; *Verhaegen v. Guy F. Atkinson Co.*, 126 Cal.App.2d 442 [272 P.2d 855]; *Stout v. Southern Pacific R. R. Co.*, 127 Cal.App.2d 491 [274 P.2d 194]; *Nunnemaker v. Headlee*, 140 Cal.App.2d 666 [295 P.2d 438]; *Swanson v. Bogatin*, 149 Cal.App.2d 755 [308 P.2d 918]; *Hughes v. City & County of San Francisco*, 158 Cal.App.2d 419 [322 P.2d 623].)

Further, the giving of this instruction was prejudicial. The vice of giving the instruction under the circumstances was to give added weight to respondents' claim that they were free from negligence. (*Bertoli v. Hardisty*, 154 Cal.App.2d 283, 287 [315 P.2d 890].) Thus, as the court said in *Ford v. Chesley Transportation Co.*, 101 Cal.App.2d 548, 553 [225 P.2d 997] : "The considerations pointing to negligence would have to overcome not only those pointing to a contrary conclusion, but also the presumption that defendant was not negligent." And, as the court held in *Nunnemaker v. Headlee*, 140 Cal.App.2d 666, 676 [295 P.2d 438], under such circumstances "it could well be that the jury, relying upon the presumption, determined that respondent was not negligent."

█ The appellants' second assignment of error relates to an instruction dealing with contributory negligence. The specific instruction reads, as modified by the trial court, as follows:

"If . . . [either of the appellants] knew that she was approaching a railroad track, it was her duty to exercise ordinary care for her own safety and to do what an ordinary prudent person would have done under the same circumstances, and to exercise ordinary care in the use of her senses of sight and hearing to ascertain if a train was approaching. If she failed to use ordinary care under these circumstances, she was negligent."

█ The general rule is set forth in *Robinson v. Cable*, 55 Cal.2d 425 [11 Cal.Rptr. 377, 359 P.2d 929], where the court stated (pp. 427-428): "In the absence of some fact brought to his attention which would cause a person of ordinary prudence to act otherwise, a person riding in an automobile is not charged with the responsibility of observing the condition of the traffic on the highway, and his mere failure to do so, without more, will not support a finding of contributory negligence. (*Martinelli v. Poley*, 210 Cal. 450, 458 [292 P. 451]; *Christensen v. Bocian*, 169 Cal.App.2d 223, 225-226

[336 P.2d 1018]; *Crawford* v. *Rose*, 2 Cal.App.2d 734, 738 [39 P.2d 217, 40 P.2d 277]; *Murphy* v. *National Ice Cream Co.*, 114 Cal.App. 482, 489 [300 P. 91]; *cf. Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 626 [255 P.2d 785]; *Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679, 682 [269 P. 529].)'' (Cited in *Marques* v. *Hill*, 191 Cal.App.2d 777 [13 Cal.Rptr. 168].)

 In the instant case, the only possible fact would be knowledge that the automobile was approaching the railroad track. The mere fact that an automobile is approaching a railroad track does not place a burden on a guest passenger to ascertain whether or not a train is approaching. As stated in *Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679, 682-683 [269 P. 529]: ''A passenger in a motor vehicle approaching a railway crossing is under no legal obligation to warn the driver, either of the presence of the tracks or of an approaching train, the view being unobstructed and the driver reasonably competent and vigilant. . . . The passenger has a right to suppose that the driver, on approaching a railway crossing with which he is familiar, will exercise due care for the protection and safety of his passengers, and that even when so near the crossing as to be in apparent danger of collision with an oncoming train he will or may take some action which will avert an accident.'' (See *Christensen* v. *Bocian*, 169 Cal.App.2d 223 [336 P.2d 1018].)

Also, in *Krause* v. *Rarity, supra*, 210 Cal. 644, 649, it was pointed out that a guest passenger ''was under no legal obligation to warn the driver of the presence of the tracks or of an approaching train.''

 While it is true that under some circumstances a guest passenger may have an affirmative duty to alert the driver (see *Tice* v. *Pacific Elec. Ry. Co.*, 36 Cal.App.2d 66 [96 P.2d 1022, 97 P.2d 844]; *Martindale* v. *Atchison, T. & S. F. Ry. Co.*, 89 Cal.App.2d 400 [201 P.2d 48]) the mere fact that either of the appellants might have known that she was approaching a railroad track is not sufficient to require her ''to ascertain if a train was approaching.'' As stated by the court in *Miller* v. *Atchison T. & S. F. Ry. Co.*, 166 Cal.App.2d 160, 170 [332 P.2d 746]: ''It is a general rule that the law does not demand of a passenger the same high degree of observation as it requires of the driver, for the passenger has not, in the ordinary case, any actual control over the driver.''

The instruction is not only erroneous but also prejudicial. In the *Robinson* case, *supra*, it was stated at page 428: "Where it seems probable that the jury's verdict may have been based on the erroneous instruction prejudice appears and this court 'should not speculate upon the basis of the verdict.' (*Oettinger* v. *Stewart*, 24 Cal.2d 133, 140 [148 P.2d 19, 156 A.L.R. 1221]; also *Miller* v. *Peters*, 37 Cal. 2d 89, 95 [230 P.2d 803].)" (See also *Untalan* v. *Glass*, 190 Cal.App.2d 474 [12 Cal.Rptr. 1].) In the instant case it may well be that the jury returned a verdict for respondents relying solely upon the incorrect instruction. The giving of this instruction, therefore, constitutes reversible error.

That appellants have been greatly prejudiced becomes manifest when we consider both assignments of error together. The respondents received the benefit of an instruction giving rise to a presumption of due care on their part which had the effect of increasing the burden of appellants to establish negligence on the part of respondents. The second instruction placed a higher duty of care than the law requires on appellants as guest passengers and thereby lessened the burden of respondents to establish contributory negligence.

The judgment is reversed.

Ashburn, J., and Herndon, J., concurred.