[Civ. No. 4373. Second Appellate District, Division One.—April 30, 1925.]

W. R. LIBBY, Respondent, v. JOHN DUNSTON, Appellant.

[1] NEGLIGENCE—DAMAGES—THEORY OF CASE—RIGHT TO EMBODY IN INSTRUCTION.—In an action for damages alleged to have been sustained in an automobile collision, the defendant had the right to have an instruction given to the jury, based upon his own theory of the case, provided there was any evidence to support it, but this right was accorded to him when the court instructed the jury upon all questions of law arising at the trial.

[2] ID.—INSTRUCTIONS.—Instructions on points which have been sufficiently covered by other instructions may properly be refused, although they are correctly drawn and applicable to the evidence. This is so, whether the instructions requested are covered by the general charge, or whether the mode of expression is the same or different. The duty of the court is fully discharged if the instructions embrace all the points of law arising in the case, in the court's own language.

---

(1) 38 Cyc., p. 1632, n. 10. (2) 38 Cyc., p. 1711, n. 19.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Edgar L. Martin and E. B. Drake for Respondent.

CURTIS, J.—This action was brought to recover damages alleged to have been sustained in an automobile collision, and resulted in a judgment in favor of the plaintiff in said action.  The appellant requested the trial court to instruct the jury as follows: "You are instructed that if you shall find from the testimony that prior to the time of the collision, the defendant had been driving and operating his automobile in an ordinarily careful and prudent manner and with due regard to the regulations governing speed and care in the operation of an automobile, and that prior to the collision and without fault or negligence on his part, a stranger, driving by, crowded him off the pavement and that it was necessary, or apparently necessary, for him to leave the pavement in order to protect himself, and that after having left the pavement he continued to operate his automobile in a careful and prudent manner, but that because of having been crowded off the pavement, if you should find he had been so crowded, and because of mud on his tires, if you should find there was mud on his tires, he was caused to skid, then I instruct you that the defendant would not be guilty of negligence, and you should so find by your verdict, and if he was not thus guilty of negligence, then your verdict should be for the defendant."  The court refused to give this instruction, and the sole point made by appellant on this appeal is that the court erred in so refusing to instruct the jury, and that such error was so prejudicial of appellant's rights that he is entitled to a new trial.

We will assume for the sake of argument, but without deciding, that the foregoing proposed instruction was justified by evidence properly admitted in the case, and that it is free from all other legal objections.  The instructions given by the court in the action appear to have fully and correctly covered all essential elements and issues in the case.  Appellant has not indicated any issue of law raised either by the pleadings or the testimony upon which the court failed to instruct the jury fully.  [1]  His sole contention is that he had the right to have an instruction given to the jury,

based upon his own theory of the case, provided there was any evidence to support it. With this contention we agree, but this right has been accorded to him, in our opinion, when the court instructed the jury upon all questions of law arising at the trial. Appellant has cited in support of his contention the following cases from the supreme court of California: *Carpenter* v. *Ewing*, 76 Cal. 487 [18 Pac. 432]; *Hunt* v. *Elliott*, 77 Cal. 589 [20 Pac. 132]; *Goodwin* v. *McCabe*, 75 Cal. 584 [17 Pac. 705]; *Buckley* v. *Silverberg*, 113 Cal. 673 [45 Pac. 804]. We think from an examination of these cases that they do not support the position of appellant. **[2]** The following excerpt from the decision of *Swenson* v. *Bender*, 114 Fed. 1, 9 [51 C. C. A. 627, 635], states in apt language the true rule: ''The general rule with respect to this matter is well settled that instructions on points which have been sufficiently covered by other instructions may properly be refused, although they are correctly drawn and applicable to the evidence. This is so, whether the instructions requested are covered by the general charge, or whether the mode of expression is the same or different. The duty of the court is fully discharged if the instructions embrace all the points of the law arising in the case, in the court's own language.''

Judgment affirmed.

Conrey, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 29, 1925.

All the Justices present concurred.