DESMOND R. DOWDALL, Respondent, v. GILMORE OIL
COMPANY, LTD. (a Corporation), Appellant.

(1)

Jerome D. Peters for Appellant.

Ware & Ware and Horton & Horton for Respondent.

PULLEN, P. J.—The question here involved is as to the propriety of refusing to give an instruction offered by defendant and the giving of an instruction submitted by plaintiff. For a proper understanding of the controversy it is necessary to briefly set forth the facts.

John F. Griffin was the branch manager of the Gilmore Oil Company with headquarters in Chico. For about ten days prior to July 23, 1934, Griffin had been discussing with plaintiff the feasibility of plaintiff leasing and operating an oil station in Oroville, known as Henderson service station. By prearrangement Griffin went to Paradise on the afternoon of July 23d, and there met plaintiff and Eric D. Beilby, and the three then drove to Oroville in an automobile of defendant and operated by Griffin to look over the Henderson station, arriving there about 9 o'clock P. M., having made the trip from Paradise by what is known as the Clark grade. While in Oroville they discussed the proposed deal, and about 11 or 11:30 o'clock that night they left the Henderson service station, and at the sug-

gestion of Griffin went to Mealey's Italian Village, a few miles from Oroville, partly to get something to eat and partly that the prospective buyer of the oil station could meet Mr. and Mrs. Mealey, who, Mr. Griffin said, could help him in building up his trade if he decided to make the deal. While at Mealeys they had some sandwiches and a few glasses of beer and indulged in a few dances. Upon leaving Mealeys about 3 o'clock A. M. Griffin drove back through Oroville and took the Chico-Oroville highway, which intersected the road to Paradise known as the Neal grade, which was the route by which they had determined to return and which, although longer than the route via the Clark grade, was paved and in better driving condition. While on the Oroville-Chico way and before coming to the intersection of the Neal grade, the automobile struck a concrete abutment which resulted in the death of Griffin and caused the injuries to plaintiff for which he sues in this action.

It is the contention of defendant that their agent Griffin, after the time he arrived at Mealeys, was not acting within the course or scope of his employment, because Griffin and plaintiff had abandoned such business and were engaged in a pleasure trip of their own, and the trip following the leaving of Mealeys was a part of such pleasure trip and entertainment.

As a second defense it is alleged that plaintiff, when he entered the automobile on leaving the Mealeys, knew the driver Griffin had worked all of the previous day and had had no sleep or rest during that day and up to 3 o'clock on the morning of that day and by reason thereof and by reason of the liquor consumed, knew or should have known that Griffin was unable to drive an automobile with the same degree of skill and care as an ordinary man in normal condition, and that by reason of fatigue and lack of sleep would in all probability become drowsy, causing him to be an unfit driver. The action was tried before a jury which resulted in a verdict in favor of plaintiff.

It is first claimed the court erred in refusing to give the following instruction requested by appellant relating to the defense in respect to the return trip:

"If you believe from the evidence in this case, that the plaintiff and the said John F. Griffin went on a trip on June 23, 1934, and left Paradise in Butte County, California,

for the purpose of attending to business of the defendant, Gilmore Oil Company, a corporation, and for any reason, afterward abandoned that business and went on a pleasure trip for entertainment of their own, and that subsequently said John F. Griffin undertook to drive the plaintiff to his home, and that he was so engaged at the time of the accident, then I instruct you that the said John F. Griffin was not at the time of the accident engaged within the scope of his employment, and under such circumstances the defendant Gilmore Oil Company, a corporation, would not be liable for any negligence of the said John F. Griffin, or for any tort that he might commit."

It is next claimed the court erred in giving the following instruction requested by plaintiff, dealing with the return trip:

"If you believe from the evidence in this case that the plaintiff and John F. Griffin were on a trip in Butte County, California, for the purpose of attending to business of the defendant Gilmore Oil Company, Ltd., a corporation, and for any reason afterwards abandoned that business and went on a pleasure trip for entertainment of their own, yet nevertheless, if you find that thereafter the said John F. Griffin undertook to drive the plaintiff home, and that to so do, after having taken the plaintiff to Oroville on the business of said Gilmore Oil Company, Ltd., was within the scope of the employment of John F. Griffin, then you will find that on the drive home from Oroville, John F. Griffin was acting within the scope of his employment."

Thirdly, appellant contends that the court gave no instruction covering defendant's theory as to the nature of the return trip.

It is not here the contention of appellant that there was no sufficient evidence to support the implied finding of the jury that upon the return trip Griffin was still acting in the scope of his employment but that there was evidence both ways and where there is a conflict each party is entitled to have the law given the jury which is applicable to his theory of the case and the testimony of his witnesses. There is no doubt but what this is the correct rule and is clearly set forth in *Bickford* v. *Pacific Elec. Ry. Co.*, 120 Cal. App. 542 [8 Pac. (2d) 186], where the court said:

"A litigant requesting it, is entitled to proper instructions presenting his theory of the case based upon the pleadings and proof. And, if the parties to an action rely upon different theories, instructions should be given, when requested as to each."

The rule is well settled, however, that instructions on points which have been sufficiently covered by other instructions may properly be refused although they are correctly drawn and applicable to the evidence. (*Libby* v. *Dunston,* 72 Cal. App. 494 [237 Pac. 565].) ▮ Having in mind, therefore, that the defendant's requested instruction, which was refused, dealt with the supposition that Griffin and plaintiff had abandoned the business of the company and were on a pleasure trip of their own, and that while on such pleasure trip the injuries occurred, we find the jury were instructed in an instruction requested by appellant, and designated No. 27:

"If the said plaintiff and the said John F. Griffin on the morning of July 24, 1934, were on a trip for their own pleasure, or on the business of said John F. Griffin or of plaintiff, and not on the business of the defendant Gilmore Oil Company, a corporation, and at the time of the accident they were thus engaged, the plaintiff is not entitled to recovery against Gilmore Oil Company, even though the injuries received by him were due entirely to the negligence and carelessness of the said John F. Griffin, and the said John F. Griffin at the time was driving and operating an automobile belonging to the Gilmore Oil Company."

Likewise is appellant's instruction No. 26, which was given to the court:

"If a servant abandons or departs from the business of his master and engages in some manner suggested solely by his own pleasure or convenience, or pursues some object which relates to an end or purpose which may be said to be a servant's individual and exclusive business, and while so engaged negligently commits a tort, the master is not answerable although he was using his master's property, and although the injury could not have been caused without the facilities afforded to the servant by reason of his relations to the master."

We also find other instructions bearing upon that issue given by the court as follows:

"The master is not responsible for the negligence of his servant while the servant is pursuing his own ends exclusively, even though the injury complained of could have been committed without the facilities afforded to the servant by his relation to his master."

Instruction requested by defendant, No. 24, and given:

"The test of the master's responsibility for the act of his servant is whether or not the act was done in the prosecution of the business that the servant is employed by the master to do, or in the execution of the authority given by the master, and for the purpose of performing what the master has directed."

Instruction No. 25, requested by defendant, and given by the court:

"One who is riding in an automobile with another as a passenger, as distinguished from a guest, may, prior to the end of the journey in the automobile, cease to be a passenger and become a guest, if, at some point in the journey, he ceases to make any return to, or to confer any benefit upon the driver of the car, other than the pleasure of his company, and he continues to ride in the automobile at the invitation, either directly or by implication of the driver, and continues to enjoy the hospitality of the driver, and continues so to ride either for his own pleasure, or on his own business."

Likewise, instruction No. 46 informed the jury they must first find the negligence of Griffin occurred not only while Griffin was in the employ of the defendant but also while acting in the scope of his employment. In appellant's requested instruction No. 7, which was given, among other things the jury were told that in order to find for the plaintiff, Griffin, at the time and place of the collision must have been in the employ of the defendant and acting in the course or scope of his employment. An instruction also was given which defined scope of employment as meaning, "while engaged in the services of the master or while about his business."

With respect to the questioned instruction No. 39 given at the request of respondent, we do not believe that in view of all of the other instructions given that the jury could have been or were in fact misled, and we believe that the question was left to the jury as to whether the action

taken by Griffin was within the scope of his employment. They were clearly told therein that it was necessary for them to first determine whether or not the trip home was within the scope of Griffin's employment. It is an elementary rule that the entire charge given the jury must be examined, and if the same as a whole is fair and complete, such is sufficient. (24 Cal. Jur., p. 875, and Cal. Jur. Supp., vol. 10, p. 710 et seq.)

A careful reading of the entire record does not show any miscarriage of justice, and in order to justify a reversal it is necessary that such miscarriage of justice shall affirmatively be made to appear.

In the case of *Haney* v. *Takakura,* 2 Cal. App. (2d) 1 [37 Pac. (2d) 170], it is said:

"It is not sufficient that the court is able to say that it cannot be determined whether there has or has not been a miscarriage of justice. For a reversal to be ordered on account of errors committed in the giving or refusing of instructions to the jury, it must affirmatively appear, and the court must affirmatively be of the opinion that there has been a miscarriage of justice."

Believing, therefore, that the jury were fully and properly instructed and that no miscarriage of justice occurred, the judgment should be affirmed. It is so ordered.

Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 28, 1937.