[Civ. No. 15911.   First Dist., Div. Two.   June 23, 1954.]

ELLA B. BROWN, Appellant, v. WILLIAM P. J. KIELY, JR., Respondent.

Carlson, Collins, Gordon & Bold and John Ormasa for Appellant.

Weinmann, Rode, Burnhill & Moffitt and Cyril Viadro for Respondent.

NOURSE, P. J.—This is an action for personal injuries caused to plaintiff when as a pedestrian she was struck by defendant's car.  The verdict was for defendant and plaintiff appeals from the judgment entered thereon.

The accident happened on March 16, 1952, at 5:45 p. m. at the intersection of Dana Street and Parker Street in Berkeley. Dana Street runs north and south, Parker Street, east and west. According to the evidence most favorable to respondent the plaintiff in crossing from the northeast corner to the southwest corner of the intersection first went due west in the unmarked crosswalk across Dana Street but did not continue in that direction until she reached the northwest corner; she deviated in a southerly direction cutting the corner. While doing so she hesitated, and then continued at a trot across Parker Street just into the path of defendant's car; she was hit by the left front of the car, according to markings made by witnesses on a map of the intersection received in evidence, approximately on or just within the eastern borderline of the unmarked western crosswalk across Parker Street. Defendant did not see her as he was blinded by the sun in the approximate direction of which he was driving.

On appeal the only grievance presented is that the court gave an instruction in the terms of section 562, Vehicle Code, relating to crossing at other than crosswalks, whereas according to appellant the evidence was undisputed that appellant was within the crosswalk when she was hit, so that the instruction found no support in the evidence and was calculated to mislead the jury.

There is no reversible error. The court in instructing the jury read to it both section 560, subdivision (a), of the Vehicle Code relating to pedestrians' right of way at crosswalks and section 562, subdivisions (a) and (b), relating to crossing at other than crosswalks. The circumstances that appellant did not cross from the northwest corner to the southwest corner but reached the unmarked crosswalk by cutting the northwest corner, describing an arc from the northeast, and that she was near the eastern borderline of the crosswalk when she was hit could cause a doubt as to whether she was crossing within the crosswalk and had the right of way. In case of such doubt it seems correct to instruct the jury on the law with respect to both possibilities (compare *Reed* v. *Stroh*, 54 Cal.App.2d 183, 190 [128 P.2d 829]; *Carney* v. *RKO Radio Pictures, Inc.*, 78 Cal.App.2d 659, 666 [178 P.2d 482]) and leave the decision which rule is applicable under the facts to the jury (*Reed* v. *Stroh, supra*). It was conceded by appellant at the oral argument that the question whether a pedestrian who was hit within a legal crosswalk,

but had not duly walked within the crosswalk until he was hit, was crossing within the crosswalk in the sense of section 560, subdivision (a), Vehicle Code, might depend on the manner and degree in which he had previously deviated from the course within the crosswalk and therefore contains a question of fact.

Even if in this case the question whether plaintiff was crossing within the crosswalk and had the right of way had been a matter of law for the court, because there was no conflict in the evidence as to appellant's movements before she was hit, as contended on appeal, appellant would not be in a position to complain because she herself in the court below took the position that it was a question of fact for the jury by proposing an instruction reading in part: "The Vehicle Code of the State of California, in effect at the time of this accident, provided that the driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection. If you find from the evidence in this case that the plaintiff at the time of this accident was crossing Parker Street in a legal crosswalk, as defined by these instructions, plaintiff Ella B. Brown was entitled to the right of way." The last sentence quoted evidently implies that there was in this respect a question of fact for the jury to decide. The trial court refused the instruction on the ground that it was covered by other instructions. The instruction in the terms of section 560, subdivision (a), Vehicle Code, correctly covered the subject matter of the proposed instruction and if there was a question of fact as assumed in the proposed instruction, covering of the opposite possibility by instructions in the terms of section 562, subdivisions (a) and (b), was a normal and correct complement, of which under the doctrine of invited error (if any) appellant cannot complain. (*Smith* v. *City & County of San Francisco*, 117 Cal.App.2d 749, 751 [256 P.2d 999], and cases there cited; *Drotleff* v. *Renshaw*, 34 Cal.2d 176, 185 [208 P.2d 969].)

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.