[Civ. No. 18339.   First Dist., Div. Two.   Oct. 30, 1959.]

CHARLES J. NOVAK, Appellant, v. MORRIS M. PEIRA et al., Respondents.

J. Adrian Palmquist and Francis T. Cornish for Appellant.

Bledsoe, Smith, Cathcart, Johnson & Phelps, Robert A. Seligson and Bronson, Bronson & McKinnon for Respondents.

STONE, J. pro tem.*—Appellant-plaintiff, a pedestrian, was struck by a pickup truck owned by respondent-defendant Peira and driven by respondent-defendant Stoia. Plaintiff appeals from a judgment in favor of defendants rendered pursuant to a jury verdict.

The accident occurred at 6:45 a. m. on September 24, 1956; the weather was foggy and damp and it was necessary for vehicles to use their lights and windshield wipers. The accident occurred at the intersection of Ocean and Otsego Avenues in the city of San Francisco. Ocean Avenue runs east and west and Otsego Avenue runs roughly northeast and southwest so that the streets intersect at something less than a 90-degree angle. Ocean Avenue is approximately 46 feet wide and there is a marked crosswalk where Otsego crosses it. The collision occurred on Ocean Avenue, either in or near the west Otsego Avenue crosswalk. At the time of the accident, the respondent Stoia was driving a pickup truck belonging to the respondent Peira in a westerly direction on Ocean Avenue at the point where it crosses Otsego. As Stoia's pickup approached the east side of the Otsego crossing, the appellant was west of the Otsego crossing on the north side of Ocean. He had just purchased a newspaper at a news rack about 17 feet west of the crosswalk and intended crossing to the south side of Ocean Avenue to catch a bus. There is a conflict in the evidence whether appellant simply walked across the street from the paper stand to the bus stop or returned to the crosswalk before proceeding to cross Ocean.

Appellant's first ground of appeal is that the court erroneously instructed the jury concerning the duty of care that the appellant as pedestrian and respondent as motorist was each required to exercise. Appellant correctly distinguishes between the degree of care and the amount or quantum of care required. (*Lasater* v. *Oakland Scavenger Co.*, 71 Cal. App.2d 217, 221 [162 P.2d 468]; *Breaks* v. *Anderson*, 95

*Assigned by Chairman of Judicial Council.

Cal.App.2d 692, 694 [213 P.2d 532].) Appellant concedes that the court properly instructed the jury that the degree of care which the pedestrian and motorist each was required to exercise was that of ordinary care but argues that the court erred as to the amount or quantum of care required.

■ Specifically, the appellant contends the court erred in refusing to give the following instruction and alleges that the court's reason for refusal, that the substance was covered by other instructions given, was incorrect. Appellant's proffered instruction reads as follows:

"I instruct you that while the rights of a pedestrian and obligation of all persons using a public street are reciprocal, the driver of an automobile being in control of such an instrumentality, capable of inflicting serious injury, is charged with a far greater amount of care than a pedestrian in order that he may perform his duty of exercising ordinary care."

Although this instruction was recently approved by the case of *Rubalcaba* v. *Sweeney,* 168 Cal.App.2d 1, 5 [335 P.2d 141], it was not error for the trial court to give the substance of it in a different language (*Libby* v. *Dunston,* 72 Cal.App. 494, 496 [237 P. 565]; *Dowdall* v. *Gilmore Oil Co., Ltd.,* 18 Cal.App.2d 1, 5 [62 P.2d 1051]; *Johns* v. *Ward,* 170 Cal. App.2d 780, 789 [339 P.2d 926]) nor do we find error because the substance of appellant's proposed instruction was made a part of a larger instruction relating to the degree of care and the amount of care of both the motorist and the pedestrian.

The following instruction was given by the court:

"The law imposes upon the operator of any vehicle using a public highway, and upon a pedestrian, the same duty; each to exercise ordinary care to avoid an accident from which injury might result. This duty continues even when one has the right of way over the other."

"While it is the duty of both the driver of a motor vehicle and a pedestrian, using a public roadway, to exercise ordinary care, that duty does not require necessarily the same amount of caution from each. The driver of a motor vehicle, when ordinarily careful, will be alertly conscious of the fact that he is in charge of a machine capable of projecting into serious consequences any negligence of his own. Thus his caution must be adequate to that responsibility as related to all the surrounding circumstances. A pedestrian, on the other hand, has only his own physical body to manage and with which to set in motion a cause of injury. While, usually, that fact

limits his capacity to cause injury, as compared with a vehicle driver, still, in exercising ordinary care, he, too, will be alertly conscious of the mechanical power acting, or that may act, on the public roadway, and of the possible, serious consequences from any conflict between himself and such forces. And the caution required of him is measured by the possibilities of injury apparent to him in the conditions at hand, or that would be apparent to a person of ordinary prudence in the same position.''

''The amount of caution required to constitute ordinary care increases or decreases as does the danger that a reasonably prudent person, in like position, would apprehend in the situation.''

■ The degree of care required to be exercised in a given case is a matter of law but the amount of care required is relative. A court instructing a jury on the amount of care required must relate that duty to both the degree of care and the circumstances peculiar to the case being tried. This the court did by the instructions given. As is apparent, the instruction consists of three paragraphs. The first paragraph was taken from BAJI (4th ed.), instruction Number 201, the second from BAJI 201-E and the third from BAJI 102-A. The 1959 pocket part supplement to BAJI (4th ed.) recommends that instructions 201 and 102-A only (the first and third paragraphs of the court's instruction) should be given and that Number 201-E (the second paragraph of the court's instruction) should be deleted. This recommendation would, by implication, also disapprove of the appellant's proposed instruction and, therefore, would preclude appellant from claiming error by reason of the instruction given. However, with due deference to BAJI, we point out that in *Cucinella* v. *Weston Biscuit Co.*, 42 Cal.2d 71, 80 [265 P.2d 513], the Supreme Court approved BAJI 201-E in the following language:

''. . . If the particular instruction here requested by plaintiffs (No. 201-E) had consisted of only the first sentence thereof, which contains the expression 'amount of caution,' it perhaps would have been confusing to a jury. With the added explanation, however, set forth in the instruction, of the meaning of the quoted expression as related to the respective duties of driver and of pedestrian the instruction as a whole correctly states the law and explains that what is meant by varying amounts of caution is that the elements of conduct entering into ordinary care or caution will vary and must be

related to the particular circumstances involved, including the character of the act being performed. . . .''

We find no reversible error resulting from the instruction given by the court in lieu of appellant's proposed instruction.

Appellant next cites as error the refusal of the trial court to give the following instruction: ''A pedestrian does not lose his or her right of way privileges for not staying precisely within a crosswalk; neither does a pedestrian who is using a crosswalk give up his or her right of way privileges if ordinary prudence dictates that he remove himself therefrom to avoid being struck by a motorist.''

■ It is elementary that instructions must be supported by some evidence. (*Arundel* v. *Turk,* 16 Cal.App.2d 293, 297 [60 P.2d 486], and *Leo* v. *Dunham,* 41 Cal.2d 712, 714 [264 P.2d 1].) ■ There is nothing in the record from which it could even be inferred that appellant removed himself from the crosswalk to avoid being struck. Although the evidence is conflicting regarding whether appellant was (a) crossing within the crosswalk (b) 2 feet west or (c) several feet west, there is no conflict as to his manner of crossing. There is nothing to indicate that he stepped aside or made any movement to avoid respondent's vehicle. Additionally, there was testimony that appellant having looked to his left before stepping off the curb did not again look to his left or east, the direction from which respondent was approaching, until the collision occurred. Since appellant was not looking in the direction from which the respondent was approaching, there was no basis for appellant's proposed instruction concerning surrender of the right of way to avoid being struck by a vehicle he had not seen.

■ The foregoing discussion of the facts leads to appellant's next contention, which is that the court erred by instructing on the right of way of a pedestrian when crossing a street outside of a crosswalk as well as within it. Certainly, most of the evidence indicates that appellant was struck while within the crosswalk or not more than two feet west of it. Yet, there was one witness who testified that after appellant purchased his paper, he did not walk approximately seventeen feet to the intersection and the crosswalk but proceeded from the news rack to the curb and on across the street. This testimony would place appellant several feet west of the crosswalk. Conceding that there was a great deal more evidence supporting appellant's theory that he was within the crosswalk or so near that he would be considered within the crosswalk

(*Woods* v. *Eitze*, 94 Cal.App.2d 910, 919 [212 P.2d 12]),
nonetheless, the jury might have believed the one witness.
Respondent was entitled to have the jury instructed on his
theory of the case based upon the testimony of the one witness.
(*Brown* v. *Kiely*, 126 Cal.App.2d 191, 192 [271 P.2d 928] ;
*Petersen* v. *Rieschel*, 115 Cal.App.2d 758, 766 [252 P.2d 986] ;
*Stickel* v. *Durfee*, 88 Cal.App.2d 402, 406 [199 P.2d 16].)

█ Appellant's next ground of appeal is that the court
erred in giving an instruction that justification or excuse for
violation of a statute can be found only in causes or things
beyond the control of the person charged with the violation.
The instruction stated the rule as it existed at the time of
trial, March 21, 1958. Some four months later, the Supreme
Court disapproved the instruction by its opinion in *Alarid* v.
*Vanier*, 50 Cal.2d 617, 620, saying at page 624 [327 P.2d 897] :

"In our opinion the correct test is whether the person who
has violated a statute has sustained the burden of showing that
he did what might reasonably be expected of a person of
ordinary prudence, acting under similar circumstances, who
desired to comply with the law . . ."

However, the instruction was requested by the appellant
and he cannot now complain of the error. The language of the
Supreme Court in the very case which changed the rule
(*Alarid* v. *Vanier, supra*), parallels the situation reflected by
the record before us and refutes appellant's contention by the
following language at page 624:

"The jury in the present case was instructed that, in order
to overcome the presumption of negligence, the evidence must
show that the statutory violation resulted from causes or
things beyond the control of the person charged with the vio-
lation. Plaintiff, however, is not in a position to complain of
this instruction since he requested it and it was more favor-
able to him than a statement of the proper rule."

█ Appellant also contends that the court erred by not
giving an instruction on last clear chance. The reason none
was given is that appellant requested none. The court was
not under a duty to give such an instruction sua sponte.
Squarely in point is *Figlia* v. *Wisner*, 150 Cal.App.2d 109,
wherein the court said at page 113 [309 P.2d 832] :

"No instructions on last clear chance were offered by the
plaintiff at the trial. He cannot now complain that the issue
should have been submitted to the jury. (*Townsend* v. *Butter-
field*, 186 Cal. 564 [143 P. 760] ; *Ornales* v. *Wigger, supra* [35
Cal.2d 474 (218 P.2d 531)].) . . ." (See also *Newman* v.

*Los Angeles Transit Lines,* 120 Cal.App.2d 685, 689 [262 P.2d 95].)

Several of the plaintiff's instructions were refused by the court with the reason noted that the substance was covered by other instructions given. Appellant cites the failure to give these instructions as error. We have carefully reviewed all the instructions, those refused as well as those given, and we are satisfied that the substance of the refused instructions which were pertinent and proper was covered by the instructions given. No useful purpose would be served by comparing the instructions individually in this opinion. ■ It is well established that a party has the right to have the jury fully instructed on every issue and on every theory of his case based upon the pleadings and proof. But he has no right to require the court to adopt the language of his proposed instructions. (*Libby* v. *Dunston,* 72 Cal.App. 494, 496 [237 P. 565] ; *Johns* v. *Ward,* 170 Cal.App.2d 780, 788-789 [339 P.2d 926].)

The jury was fully and fairly instructed and we find no merit to appellant's contention that the instructions given overemphasized the duty of the pedestrian or minimized the amount of care to be exercised by the motorist as compared with that to be exercised by the pedestrian.

The judgment is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1959.