[Civ. No. 19187.    First Dist., Div. Two.    May 4, 1961.]

MARIA MARQUES et al., Appellants, v. PRESTON HILL, JR., et al., Respondents.

ALICE PASCOAL, Appellant, v. PRESTON HILL, JR., et al., Respondents.

(Consolidated Cases.)

Lew M. Warden, Jr., Edises, Truehaft, Grossman & Grogan for Appellants.

Mullally & Wines and Hagar, Crosby & Rosson for Respondents.

STONE, J. pro tem.*—Plaintiffs appeal from defense judgments entered on a jury verdict. The action arose out of a collision between a vehicle in which plaintiffs were riding as guests and a car driven by defendant Hill, referred to hereafter as defendant. The accident occurred December 17, 1957, in Alameda County on Foothill Boulevard, a through highway, at the Delane Drive crossing. Defendant was driving northerly in the right-hand lane approaching Delane Drive, at a speed of 40 to 45 miles per hour. It was between 10:30 and 11 p. m., and raining. Plaintiffs' car stopped at the entrance to Foothill before proceeding across the highway at 5 to 10 miles per hour. Plaintiffs' driver testified that he was crossing Foothill when he first saw defendant's car, about 100 feet away; that he was traveling between 5 and 7 miles per hour; that he tried to accelerate but that his car did not respond. Defendant testified that he saw the vehicle when five or six car lengths away; that he applied his brakes and slowed somewhere between 20 and 40 miles per hour. Defendant attempted to turn right and swing around the rear of plaintiffs' vehicle but he struck its left rear fender and wheel. At the moment of impact plaintiffs' vehicle had traveled part-way across the two northbound lanes of Foothill.

Plaintiffs assign as error the court's refusal to give one of their instructions concerning right-of-way at the entrance to a through highway. The court gave an instruction embodying section 552, subdivision (a), of the Vehicle Code, as follows:

"Section 552(a) of the Vehicle Code which deals with drivers of vehicles at stop signs and entering through highways reads as follows:

" '(a) The driver of any vehicle shall stop as required by Section 577 of this code at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard.

" 'A driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right-of-way to the vehicle so about to enter or cross the through highway.' "

Given too were the standard BAJI instructions defining

---

*Assigned by Chairman of Judicial Council.

negligence and setting forth the "ordinarily prudent person" standard or test for determining the question of negligence. Plaintiffs contend that additionally the court should have given their proffered instruction covering the same subject, which reads:

"PLAINTIFFS' PROPOSED INSTRUCTION No. 32:

"You may ask yourself the question: 'When has a vehicle on a through highway approached so close to an intersection as to constitute an immediate hazard?' The answer is that the approaching vehicle is that close whenever, if a reasonably prudent person were in the position of the driver who has stopped his automobile at the entrance to the through highway, he would apprehend the probability of colliding with the approaching vehicle were he then to enter the highway. BAJI 150-F."

Plaintiffs offered another instruction similar to the one just quoted, which was also refused.

The jury was fully instructed on the issue as the court gave (1) the law involved, Vehicle Code, section 552, subdivision (a), and (2) the manner of applying the law, the instructions on negligence. Since the jury was admonished to consider all of the instructions as a whole and each in the light of all the others, the effect was the same as that spelled out in plaintiffs' proposed instructions (the reasonable man involved in the same circumstances). It must be presumed that the jury understood the instructions and correctly applied them to the evidence (*Zuckerman* v. *Underwriters at Lloyd's*, 42 Cal.2d 460, 478 [267 P.2d 777]).

Neither instruction offered by plaintiffs and refused by the court was incorrect, but that alone did not require the court to give them. ■ As was said in *Libby* v. *Dunston*, 72 Cal.App. 494, 496 [237 P. 565] : " 'The general rule with respect to this matter is well settled that instructions on points which have been sufficiently covered by other instructions may properly be refused, although they are correctly drawn and applicable to the evidence.' "

■ There was no abuse of discretion and no error in the court's refusal to give additional instructions on the same subject (*Johns* v. *Ward*, 170 Cal.App.2d 780, 789 [339 P.2d 926]; *Libby* v. *Dunston, supra*; 2 Witkin, California Procedure, § 52, subd. b, p. 1780 and cases cited therein).

■ Plaintiffs next assert that it was error for the court to submit to the jury the question of the contributory neg-

ligence of plaintiff-passengers. The court first correctly advised the jury that plaintiffs could not be charged with the negligence of their driver, but then submitted the question of whether plaintiffs were themselves guilty of negligence. In support of their position that this was error, plaintiffs cite several cases holding passengers free from a duty of care concerning the operation of the vehicle in which they were riding. On the other hand, defendant cites a number of cases reaching the opposite conclusion. The decision arrived at in each of the several cases cited by both parties turns on the facts of the individual case. The pivotal question, then, is not what result was reached in the particular case but rather by what criterion must the facts of each case be judged to determine whether the passenger is under a duty to concern himself with the traffic conditions which confront his driver. ██ The answer lies in the recent case of *Robinson* v. *Cable*, 55 Cal.2d 425 [11 Cal.Rptr. 377, 359 P.2d 929], wherein the court lays down the following rule at pages 427-428 : ''In the absence of some fact brought to his attention which would cause a person of ordinary prudence to act otherwise, a person riding in an automobile is not charged with the responsibility of observing the condition of the traffic on the highway, and his mere failing to do so, without more, will not support a finding of contributory negligence. [Citations.] ''

██ Nothing in the record before us reflects any fact brought to the attention of any plaintiff which would cause him, as a person of ordinary prudence, to assume the responsibility of observing the conditions of traffic on the highway at the time of the accident. Therefore, it was error for the court to instruct the jury on the issue of plaintiff-passengers' contributory negligence.

The error, however, was not reversible since the jury found that the defendant was not the proximate cause of the accident. ██ The jury brought in the following verdict: ''We, the jury in the above entitled cause, find for the defense (he was *not* the proximate cause).''

Plaintiffs argue that the use of the definite article ''the,'' rather than the indefinite article ''a,'' indicates that the jury mistakenly believed there could be only one proximate cause of the accident. Had the jury not been misled, contend plaintiffs, the defendant and plaintiffs' driver each might have been found to be a proximate cause and a plaintiffs' verdict returned. The record does not substantiate plaintiffs' argument.

The court, using standard instructions, defined negligence and proximate cause. The jury was instructed that:

"This does not mean that the law seeks and recognizes only one proximate cause of an injury, consisting of only one factor, one act, one element of circumstance, or the conduct of only one person. To the contrary, the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such a case each of the participating acts or omissions is regarded in law as a proximate cause."

Also, the jury was instructed: "In order to impose liability upon a defendant, his negligence must have been *a* proximate cause of the plaintiff's injury . . ." [emphasis added].

Clearly, the jury was instructed that there could be more than one proximate cause and that if defendant's negligence was *a* proximate cause he was liable. On appeal, it must be presumed that the jury was composed of intelligent people, that the jury understood the instructions given and correctly applied them to the evidence (*Trapani* v. *Holzer*, 158 Cal.App. 2d 1, 6 [321 P.2d 803]; *Ward Land etc. Co.* v. *Mapes*, 147 Cal. 747, 750 [82 P. 426]; *Nunneley* v. *Edgar Hotel*, 36 Cal.2d 493, 500 [225 P.2d 497]). Viewing the verdict in the light of the instructions, it seems clear that the jury, by its verdict, found that defendant was not in any way the proximate cause of the accident.

Plaintiffs complain about other instructions concerning contributory negligence, but the issues are immaterial since the jury found the defendant free from negligence which proximately caused the accident.

The judgments are affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.

Petitions for a rehearing were denied June 2, 1961, and appellants' petitions for a hearing by the Supreme Court were denied June 28, 1961. Peters, J., and White, J., were of the opinion that the petitions should be granted.