[Civ. No. 9978.   Third Dist.   Aug. 9, 1961.]

AMELIA DANIELS et al., Appellants, v. DAVID
J. WEIGUM, Respondent.

Chargin and Briscoe and Leon G. Syranian for Appellants.

Honey, Mayall, Hurley & Knutsen for Respondent.

PEEK, J.—Plaintiffs appeal from that portion of the judgment of the trial court in favor of the defendant David J. Weigum.

The record discloses that the action commenced in the lower court was for damages incurred by the wrongful death of Carrol E. Daniels. The plaintiffs are the surviving wife and minor children. Although in their answers both defendants individually denied negligence as alleged in the complaint, at the commencement of trial defendant John Kraai admitted his liability. The liability of the other defendant, David Weigum, was tried before a jury which returned a verdict in favor of the plaintiffs against John Kraai, but against plaintiffs in favor of defendant David Weigum.

The facts in evidence at the trial disclose that the automobile operated by John Kraai struck the rear of the Weigum vehicle and propelled it into the opposite lane of traffic, where it collided with the decedent's oncoming vehicle. As Kraai's liability was admitted, the sole issue at the trial was the negligence of Weigum. Although there was evidence introduced that Weigum was negligent, such evidence was not without conflict and hence, the jury was confronted with the historical problem of resolving the conflict and which problem was solely theirs to resolve.

Plaintiffs seek a reversal of the judgment on the single ground that the trial court erred in failing to give the following instruction to the jury:

"The law forbids you to attempt to classify negligence into degrees or grades or kinds, or to compare one instance of negligence with another and judge which is more deserving of reproof or excuse. If you should find that there was negligent conduct on the part of more than one person, you are not to attempt to determine which was guilty of the greater negligence, with a view to delivering a verdict in favor of, or to favor in any way, the one whose conduct was the less reprehensible. (If you find that any party to this action was, or all were, negligent, you will follow the court's instructions in determining whether or not liability should attach, and do so without regard to how you might grade or compare the negligence involved, if permitted so to do.)"

The requested instruction correctly states the law. (*Lund* v. *Pacific Electric Ry. Co.,* 25 Cal.2d 287, 295 [153 P.2d 705].) But it does not necessarily follow that the trial court's refusal to give the instruction was reversible error. An applicable instruction which is correct may be properly refused

on the ground that the point is covered by other instructions which were given. (*Novak* v. *Peira,* 175 Cal.App.2d 29 [345 P.2d 349] ; *City of Los Angeles* v. *Frew,* 139 Cal.App.2d 859 [294 P.2d 1073].)

■ The record shows that the trial court instructed the jury as follows:

"This does not mean that the law seeks and recognizes only one proximate cause of an injury, consisting of only one factor, one act, one element of circumstance, or the conduct of only one person. To the contrary, the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such a case, each of the participating acts or omissions is regarded in law as a proximate cause."

"When the negligent acts or omissions of two or more persons, whether committed independently or in the course of jointly directed conduct, contribute concurrently and as proximate causes to the injury of another, each of such persons is liable. This is true regardless of the relative degree of the contribution."

The instructions given by the trial court adequately stated the law, and although the instruction refused by the lower court was more forceful, such distinction is not a ground for reversal. It is clear that the jury was not misled by the instructions given (*Sebrell* v. *Los Angeles Ry. Corp.,* 31 Cal.2d 813 [192 P.2d 898] ; *Trelut* v. *Kazarian,* 110 Cal.App.2d 506 [243 P.2d 104]) and the instructions as a whole stated the law fully and fairly (*Douglas* v. *Southern Pacific Co.,* 203 Cal. 390 [264 P. 237]).

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.