[Civ. No. 53206. First Dist., Div. Five. Nov. 21, 1983.]

JESSE E. MORENO, Plaintiff and Appellant v.
FEY MANUFACTURING CORPORATION, et al.,
Defendants and Respondents.

---

**COUNSEL**

Edward J. Nevin for Plaintiff and Appellant.

Mark L. Strombotne and Hoge, Fenton, Jones & Appel for Defendants and Respondents.

---

**OPINION**

**KING, J.**—In this case we hold that when a plaintiff has made a prima facie showing that his injury was proximately caused by a product's design, it is reversible error to instruct the jury that plaintiff has the burden of proving that the product was defective in design. We further hold that erroneously placing this burden of proof upon plaintiff, even where the evidence on the defective design issue appears to favor defendant, cannot be harmless error

because of the fundamental importance of instructions to the jury as to who bears the burden of proving the most crucial issue in the case.

This action arises from an accident which occurred on August 31, 1978, between a motorcycle driven southbound by appellant, Jesse Moreno, and a pickup truck driven northbound by Mr. Calixto Tadios, who is not a party in this appeal. Tadios crossed into the southbound lane and a sideswiping collision occurred between the rear quarter panel and bumper of the truck and the motorcycle. Moreno's leg was severed just below the knee. The truck's bumper had been manufactured by defendant-respondent Fey Manufacturing Corporation and placed on the truck by Tadios. The design of the bumper is such that it wraps around the rear fender, leaving a gap between the end of the bumper and the side of the fender. Moreno contended the design of the bumper was defective in that it created a needless "potential for hooking and cutting . . . and was in fact responsible for the instantaneous severance of Mr. Moreno's leg."

At trial Moreno submitted a proposed jury instruction that if he proved by a preponderance of the evidence that the bumper design was the proximate cause of his injury, Fey had the burden of proving by a preponderance of the evidence that the benefits of the design outweighed its inherent risks.[1] The court refused this instruction and instead instructed that "the plaintiff has the burden of establishing by a preponderance of the evidence all the facts necessary to prove the following issues: one, that the Fey bumper was defective in design . . . ." The court also refused Moreno's proposed instruction that accidents are reasonably foreseeable occurences that manufacturers must take into account in product design. In a special verdict the jury found the product had no design defect. Moreno appealed the resulting judgment in favor of Fey. We reverse the judgment.

■  There are two alternative tests to determine whether a product is defective in design so as to subject the manufacturer to strict liability for resulting injuries. Under the test applicable here, "a product may . . . be found defective in design if the plaintiff demonstrates that the product's design proximately caused his injury and the defendant fails to establish, in light of the relevant factors, that, on balance, the benefits of the challenged design outweigh the risk of danger inherent in such design." (*Barker* v. *Lull*

---

[1] Moreno's proposed instruction was, in pertinent part, that "the plaintiff has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove . . . That the bumper's design proximately caused his injury. In this action, the defendant has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove . . . If the product's design proximately caused plaintiff's injury, the defendants must prove, in light of the relevant factors, that, on balance, the benefits of the challenged design outweigh the risk of danger inherent in such design . . . ."

*Engineering Co.* (1978) 20 Cal.3d 413, 432 [143 Cal.Rptr. 225, 573 P.2d 443, 96 A.L.R.3d 1];[2] see also *Campbell* v. *General Motors Corp.* (1982) 32 Cal.3d 112, 118 [184 Cal.Rptr. 891, 649 P.2d 224].)

■ In the instant case Moreno introduced evidence to prove that the cause of his injury was the bumper designed and manufactured by Fey Manufacturing Corporation. Moreno's evidence tended to show that the wrap-around design of the bumper, coupled with a gap between the end of the bumper and the side of the fender, was at least a substantial factor in causing the amputation. This established a prima facie case of causation. ■ "[W]e conclude that once the plaintiff makes a prima facie showing that the injury was proximately caused by the product's design, the burden should appropriately shift to the defendant to prove, in light of the relevant factors, that the product is not defective." (*Barker* v. *Lull Engineering Co.*, supra, 20 Cal.3d at p. 431.) Moreover, *Barker* specifically held that the defendant's burden is one "affecting the burden of proof, rather than simply the burden of producing evidence." (*Id.*, supra, 20 Cal.3d at p. 432.)

■ Thus, the trial court erred in instructing that Moreno had the burden of proving the design of the bumper was defective. Moreno contends the error was prejudicial. Fey, while not conceding error, contends any possible error was not prejudicial under the facts of this case. ■ The judgment must be reversed if it is reasonably probable that a more favorable decision would have resulted in the absence of error. (*Cervantez* v. *J. C. Penney Co.* (1979) 24 Cal.3d 579 [156 Cal.Rptr. 198, 595 P.2d 975].)

■ Each party presented expert testimony on the issue of whether the design was inherently dangerous or presented a needless risk. Thus, the issue was clearly in dispute. From the evidence it appears Fey could have sustained its burden of proving that the benefits of the design outweighed the risks and, if the correct instruction had been given, the jury may have found the design was not defective. Although a weighing of the evidence on the issue of defective design favors Fey, there is sufficient evidence on this issue upon which the jury could have reached a verdict in favor of Moreno.

All instructions to the jury are important, so that careful and conscientious jurors can apply the proper law to the facts they find to have been proven. However, few instructions are of greater importance than that which informs the jury which party bears the burden of proof on the issues in dis-

---

[2]The other alternative test under *Barker,* not applicable here, is that "a product may be found defective in design if the plaintiff establishes that the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner." (*Barker* v. *Lull Engineering Co., supra,* 20 Cal.3d at p. 432.)

pute. Here, on the crucial issue in the case, the instruction given imposed a burden of proof on Moreno that he was not bound to meet. The jurors' special verdict finding no defect in the design of the bumper quite likely resulted from their carrying out their oath as jurors to follow the court's instructions. Thus, the jury may have determined the issue of design defect adversely to Moreno because he did not sustain his purported burden of proof as erroneously set forth by the trial court. Because of this, we conclude the error was prejudicial. (*Id.*, at p. 591; see also *McGee* v. *Cessna Aircraft Co.* (1983) 139 Cal.App.3d 179 [188 Cal.Rptr. 542].)

Moreno also contends the trial court committed reversible error by not giving his proposed instruction that vehicle accidents are occurences that must be considered by manufacturers of vehicular component parts in the design of their product[3] so that the jury could not know Fey had to consider vehicular accidents in designing the bumper.

Moreno correctly contends that a party is entitled to special instructions in support of his theory of the case if they are supported by the evidence. (*Titus* v. *Bethlehem Steel Corp.* (1979) 91 Cal.App.3d 372 [154 Cal.Rptr. 122].) It would have been proper for the trial court to instruct the jury that the manufacturer of a motor vehicle or of vehicular component parts must take vehicular accidents into consideration as a reasonably foreseeable occurence involving their product. (See *Cronin* v. *J.B.E. Olson Corp.* (1972) 8 Cal.3d 121, 126 [104 Cal.Rptr. 433, 501 P.2d 1153]; *Fierro* v. *International Harvester Co.* (1982) 127 Cal.App.3d 862, 867 [179 Cal.Rptr. 923]; *Culpepper* v. *Volkswagen of America, Inc.* (1973) 33 Cal.App.3d 510, 518 [109 Cal.Rptr. 110].) However, it is also well settled that instructions on points which have been sufficiently covered by other instructions may be properly refused by the trial court, although they are correctly drawn and applicable to the evidence. (*Libby* v. *Dunston* (1925) 72 Cal.App. 494, 496 [237 P. 565].)

The trial court's instructions[4] adequately covered this subject, thus, in the discretion of the trial court Moreno's special instruction was properly refused. (*Levy-Zentner Co.* v. *Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762 [142 Cal.Rptr. 1].) Whether or not specific events are fore-

---

[3]Moreno's requested instruction reads in pertinent part: "Although a collision may not be the normal or intended use of a motor vehicle, vehicle or vehicle component manufacturers must take accidents into consideration as reasonably foreseeable occurences involving their products."

[4]The instruction given by the trial court on this subject was from BAJI No. 9.00.5, as follows: "The manufacturer, distributor and retailer of a product is liable for injuries, a proximate cause of which was a defect in its design which existed when it left possession of defendants, provided that the injury resulted from a use of the product that was reasonably foreseeable by the defendant."

seeable are factual matters to be determined in each case. (*Fierro* v. *International Harvester Co., supra,* 127 Cal.App.3d at p. 868.) It was therefore appropriate, as occurred here, that counsel for both parties argued to the jury about foreseeability; this was an issue for the jury to determine.

The judgment is reversed and the case remanded for retrial.

Low, P. J., and Haning, J., concurred.